Charles P. Kennedy
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ 07016
Tel:    908.654.5000

*Attorneys for Plaintiffs ORT America, Inc. and*
 *Women's American ORT Foundation*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ORT AMERICA, INC. and WOMEN'S AMERICAN ORT FOUNDATION, | : | **ECF CASE** |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| v. | : | |
| | : | |
| U.S. ORT OPERATIONS, INC., BRAMSON ORT COLLEGE, and LOS ANGELES ORT TECHNICAL INSTITUTE, | : | |
| | : | |
| Defendants. | x | |

## COMPLAINT

Plaintiffs ORT America, Inc. and Women's American ORT Foundation, by way of complaint against Defendants U.S. ORT Operations, Inc., Bramson ORT College, and Los Angeles ORT Technical Institute, allege and aver as follows:

### JURISDICTION AND VENUE

1.      This is an action in which the Plaintiffs are seeking pecuniary and injunctive relief from acts of the Defendants arising under the Trademark and Unfair Competition Laws of the United States, 15 U.S.C. § 1051 *et seq*, and for related claims of unfair competition under the common law of the State of New York arising out of the same operative facts, and for relief for a claim of breach of contract.

2.      Jurisdiction is proper in the United States District Court pursuant to 15 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.

3.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

4.      Plaintiff ORT America, Inc. ("ORT America") is a not-for-profit corporation organized and existing under the laws of the State of New York, having its principal place of business at 75 Maiden Lane, 10th Floor, New York, New York 10038.

5.      Plaintiff Women's American ORT Foundation (hereafter "Foundation") is a not-for-profit corporation organized and existing under the laws of the State of New York, having its principal office at 75 Maiden Lane, 10th Floor, New York, New York 10038.

6.      Defendant U.S. ORT Operations, Inc. ("US ORT") is a not-for-profit corporation organized and existing under the laws of the State of New York, having its principal place of business at 69-30 Austin Street, Forest Hills, New York 11375.

7.      Upon information and belief, Defendant Bramson ORT Technical Institute ("Bramson") is a not-for-profit corporation organized and existing under the laws of the State of New York at least previously having its principal place of business at 69-30 Austin Street, Forest Hills, New York 11375.

8.      Defendant Los Angeles ORT Technical Institute ("LAOTI") is a not-for-profit corporation organized and existing under the laws of the State of California, having its principal place of business at 6435 Wilshire Boulevard, Los Angeles, California 90048.

9.      Upon information and belief, US ORT has owned or operated certain educational service providers including but not limited to Bramson, Chicago ORT Technical Institute ("COTI") and LAOTI.

10. ORT America was founded to promote vocational, technical, and related education and training in countries throughout the world where the need for such education and training exists and where it may ameliorate the economic, social, or educational status of Jews or other persons needing such education and training; to promote the goals of the ORT program; to combat anti-Semitism; to promote the immigration of Jews and other oppressed people; to promote the understanding and appreciation of Jewish values.

## BACKGROUND FACTS

11.     In 1983, U.S. ORT Operations (the predecessor of Defendant US ORT) was established by Women's American ORT and American ORT, Inc. (the predecessors of Plaintiff ORT America), for the purpose of operating and managing educational service providers in the United States.

12.     On January 29, 2002, American ORT, Inc. was granted U.S. Trademark Registration No. 2,533,494 covering the trademark ORT for the following services and goods that remain covered by this registration

Charitable fundraising, providing fundraising services for endowment programs for charities, providing financial planning services for donors and recipients, and providing scholarships in class 36.

Educational services, namely providing courses of instruction at the college and post-secondary technical institute level; computer education training including training of teachers of computer education training; and conducting on-line and classroom classes, seminars, conferences and workshops in the fields of the work of the organization and fundraising techniques in class 41.

Ornamental lapel pins, in class 14.

Stationary-type portfolios, printed posters and ball point pens in class16.

T-shirts in class 25.

13.     On December 6, 2006, U.S. ORT Operations, Inc. was incorporated under the laws of the State of New York as a not-for-profit corporation to form Defendant U.S. ORT.

14.     On May 14, 2007, Plaintiff ORT America was incorporated under the laws of the State of New York as a not-for-profit corporation as a result of a merger between predecessors Women's American ORT and American ORT, Inc.

15.     Contemporaneously with the formation and incorporation of Plaintiff ORT America on May 14, 2007, all rights to the ORT trademark and Registration No. 2,533,494 were assigned to ORT America.

16.     ORT America has filed a declaration of use and continuous use for U.S. Registration No. 2,533,494, making the registration incontestable.   Accordingly, U.S. Registration No. 2,533,494 is in full force and effect and has become incontestable, thereby granting the owner the exclusive right to use the registered mark ORT in commerce for the goods and services covered by the registration.

17.     As a result of the incorporation of ORT America, and of the similar incorporation of U.S. ORT just five months prior on May 14, 2007, ORT America entered into a License Agreement with U.S. ORT by which US ORT was granted a nonexclusive, nontransferrable license to use the Licensed Marks including ORT America's trademark ORT in connection with providing Licensed Services to educational service providers, including granting the right to use the marks by its subcontractors or sublicensees to solicit funds from federal, state, and local governments in connection with ORT America or with ORT America's approval.

18.     Pursuant to the License Agreement, U.S. ORT was to provide advice and guidance to all schools carrying the ORT name and their satellite and branch campuses and educational programs operating under the banner of ORT or the ORT name within the United States in such areas of educational programming, career development, financial management, accessing governmental funding, compliance with all applicable laws and regulations, and

accreditation requirements and serving the education needs of both Jewish and general communities within the United States.

19.     The License Agreement had an initial term ending on December 31, 2017, and would be automatically renewed for successive ten-year periods, unless either party provided written notice of its intent not to renew the agreement, 60 days prior to the end of the current contract term.

20.     In the License Agreement, US ORT acknowledged that the Licensed Marks have established prestige and goodwill and are well recognized in the minds of the public, and that it is of great importance to Licensor that the high standards and reputation that Licensor has established in providing services under the Licensed Marks be maintained by Licensee in providing the Licensed Services.  US ORT also recognized that ORT America had the right to exercise quality control over the licensee's use of the Licensed Marks in connection with the Licensed Services.

21.     The approved educational service providers that licensee could utilize under the Agreement included Bramson (New York), LAOTI (California), and COTI (Illinois).

22.     On October 2, 2017, ORT America by its President Larry Kadis, sent a letter to US ORT, LAOTI, and Bramson notifying them that they would soon receive a letter on behalf of ORT America advising them of the decision not to renew the License Agreement with US ORT when it expires on December 31, 2017.

23.     On October 5, 2017, legal counsel for ORT America provided a written notice to U.S. ORT of the decision to terminate as of December 31, 2017, the License Agreement between ORT America and U.S. ORT.  In accordance with the provisions of the License Agreement, ORT America pointed out that both the Licensee and those parties to whom it had granted a

sublicense shall upon termination cease using the Licensed Marks and other intellectual property

of the Licensor and comply with all other post-termination provisions of the Agreement.

24.     Pursuant to the License Agreement, upon termination of the Agreement, US ORT

was obligated to take the following steps to cease use of ORT America's trademarks:

7.4     Upon termination of this Agreement, Licensee:

. . . .

b.  shall as soon as reasonably practicable cease using the Licensed Marks and other
    Intellectual Property Rights and shall not thereafter use or register any words or
    marks that incorporate or are substantially identical with or deceptively similar to
    or so closely resemble any one or more of the Licensed Marks so as to be likely
    to cause confusion;

c.  shall cease using any of the Licensed Marks in Licensee's corporate name or
    trade name and shall deliver or file such appropriate assignments, name changes,
    notices or amendments with the applicable local, state, and federal government
    authorities, and any other relevant public, charitable or educational institutions,
    for the purposes of providing (1) notice of the name change, and (2) notice of the
    cessation of a relationship between Licensor and Licensee, in a commercially
    reasonable time frame.

(License Agreement ¶ 7.4(b)(c).)

25.     Also upon termination of the Agreement, the Licensee recognized that the

Licensor would be entitled to an injunction or other equitable relief to prevent the Licensee from

breaching its obligations under the Agreement:

7.5     Licensee acknowledges and confirms that damages may not be an adequate
        remedy for breach of its obligations and undertakings stated in this Section 7
        (including its subsections) and that accordingly, without prejudice to any
        other right or remedy that Licensor may have, Licensor shall be entitled to
        obtain an injunction or other equitable relief to prevent Licensee from acting
        in breach of its said obligations and undertakings.

(*Id.* ¶ 7.5.)

26.     Despite the termination of the Agreement as of December 31, 2017, US ORT and

its sublicensees have continued to use ORT America's trademark ORT and related intellectual

property in connection with their businesses.  These infringing uses include the use of the ORT

mark in the names of US ORT Operations, Bramson ORT College, and Los Angeles ORT Technical Institute, the use of the ORT name and mark for these educational and charitable institutions; the use of the ORT mark to promote educational programs marketed to Jewish day schools; and the use of the ORT mark to solicit funds and charitable contributions.

27.     Since the termination of the License Agreement as of December 31, 2017, representatives of ORT America and the Foundation have consistently demanded that US ORT and its sublicensees cease use of the ORT trademark, but such notices have been rejected by US ORT and its sublicensees.

28.     The use of the ORT trademark by US ORT and its sublicensees is likely to cause confusion with the business of ORT America and the Foundation in that members of the public and prospective users of US ORT's services are likely to assume that US ORT and its Licensees are either part of Plaintiffs' organizations or have been authorized by Plaintiffs' organizations.

29.     Defendants and/or their sublicensees are presently using the mark ORT in connection with educational services and charitable fundraising services that are virtually identical to and directly competitive with the services for which ORT America and the Foundation have and are using the ORT trademark. In addition, since the termination of the License Agreement as of December 31, 2017, upon information and belief, Defendants have used and/or are using the mark ORT in connection with educational programs, which are inconsistent with Plaintiffs' mission statement and commitment to quality of services and further in connection with educational facilities that have lost their accreditation.

30.     Defendants' use of the ORT mark in their corporate name U.S. ORT Operations, Inc. and its use by its licensees in the name Bramson ORT College and Los Angeles ORT Technical Institute, are reproductions, counterfeits, copies, and colorable imitations of the

registered ORT trademark for goods and services including educational services and charitable fundraising.

**FIRST CLAIM FOR RELIEF**
**Infringement Of Federally Registered Mark**

31.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-30, as if fully set forth herein.

32.    Defendants' use of the mark ORT in its corporate name and the names of its Licensees constitutes an infringement of Plaintiffs' trademark ORT that is likely to cause confusion and mistake in the minds of consumers and users as to the source of the services, in violation of 15 U.S.C. § 1114, and use of a counterfeit mark in connection with services under 15 U.S.C. § 1116.

33.    Defendants' activities complained of constitute willful and intentional infringement of Plaintiffs' federal incontestable trademark registration in total disregard of Plaintiffs' rights.  Defendants' infringing activities will continue and have continued despite Defendants' knowledge that the ORT mark was federally registered.

34.    Defendants' infringement has irreparably injured Plaintiffs' goodwill.

35.    Plaintiffs have no adequate remedy at law.  Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiffs' trademark rights, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

**SECOND CLAIM FOR RELIEF**
**Violation Of Section 43(a) Of The Lanham Act**

36.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-35, as if fully set forth herein.

37.     Defendants' use and/or use by its Licensees of the mark ORT for educational services and charitable fundraising are identical to and competitive with Plaintiffs' use of the ORT mark for such services and constitutes the use of false designations of origin and false descriptions or representations, which tend to falsely describe or represent Defendants' services, and Defendants have caused their services and/or those of their Licensees to be performed in commerce with full knowledge of the falsity of such designations of origin, all to the detriment and damage of Plaintiffs.

38.     Defendants' infringement has irreparably injured Plaintiffs' goodwill.

39.     Plaintiffs' have no adequate remedy at law.  Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiffs' trademark rights, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

### THIRD CLAIM FOR RELIEF
### Common-Law Trademark Infringement And Unfair Competition

40.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-39, as if fully set forth herein.

41.     Defendants and/or their Licensees, by their acts alleged above, have willfully, knowingly, and intentionally engaged in acts constituting unfair competition under the common law of the State of New York.

42.     Upon information and belief, Defendants are improperly trading on the reputation and goodwill of Plaintiffs and their association with the ORT trademark.

43.     Defendants' infringement has irreparably injured Plaintiffs' goodwill.

44.     Plaintiffs have no adequate remedy at law.  Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiffs' trademark rights,

reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

## FOURTH CLAIM FOR RELIEF
### Declaration Of Termination of License

45.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-44, as if fully set forth herein.

46.     The License Agreement of May 14, 2007, was properly terminated by Plaintiffs as of December 31, 2017.

47.     Despite the termination of the License Agreement, Defendants and/or their Licensees have proceeded with their business as if the License Agreement is still in effect, and the termination provisions do not need to be complied with.

48.     By reason of the foregoing, Plaintiffs are entitled to a declaration that the License Agreement was terminated as of December 31, 2017, and that Defendants are in breach of that License Agreement by virtue of their failure to comply with the termination provisions in the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ORT America, Inc. and Women's American ORT Foundation pray for the following relief:

A.     a preliminary and permanent injunction enjoining the Defendants, their officers, employees, servants, and agents, and all persons in active concert, privity, or participation with them, from employing the mark ORT or any other name or trademark that contains the word ORT or would be confusingly similar to Plaintiffs' trademark ORT, for or in connection with any educational services or charitable fundraising;

6202390_1.docx

B.      an accounting to determine any profits Defendants have made in connection with their services provided in connection with the infringing ORT marks and an award to Plaintiffs of such profits;

C.      an award of compensatory damages arising out of Defendants' infringement and trebling of such award, as provided by 15 U.S.C. § 1117;

D.      an award for use of a counterfeit mark of statutory damages in an amount of not less than $1,000 or more than $200,000 per counterfeit mark per type of services provided or, if the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of services provided;

E.      an order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements, having, showing, or employing any mark or design enjoined above shall be delivered up to Plaintiffs and destroyed;

F.      an award to Plaintiffs of their reasonable attorney fees and costs in the action on the ground that this is an exceptional case; and

G.      such other and further relief as the Court may deem just and necessary.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiffs Women's American*
*ORT Foundation and ORT America, Inc.*

Dated: January 29, 2020            By:    s/Charles P. Kennedy
                                        Charles P. Kennedy
                                        Tel:    908.654.5000
                                        E-mail: ckennedy@lernerdavid.com
                                              litigation@lernerdavid.com

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)</u>

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, neither Plaintiffs nor Plaintiffs' attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:    January 29, 2020

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiffs Women's*
*American  ORT Foundation and ORT*
*America, Inc.*


By:    s/Charles P. Kennedy
Charles P. Kennedy
Tel:    908.654.5000
E-mail: ckennedy@lernerdavid.com
        litigation@lernerdavid.com