# BLANKROME

August 31, 2021
Page 1

*Phone: (215) 569-5619*

*Email: pecsenye@blankrome.com*

August 31, 2021

**VIA ECF**
The Honorable Sarah L. Cave
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

> **Re: ORT America, Inc. et al. v. U.S. ORT Operations, Inc., et al., Civil Action No. 1:20-cv-00790-ALC-SLC, Request for Pre-Motion Conference and/or Permission to File a Motion to Strike**

Dear Magistrate Judge Cave:

This firm represents Defendants/Counter Claimants U.S. ORT Operations, Inc., Bramson ORT College, and Los Angeles ORT Technical Institute ("Defendants") in the above-captioned action, and writes pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rules to request a pre-motion conference and/or leave to file a motion to strike the late production of documents Plaintiffs/Counter Defendants ORT America, Inc. and Women's American ORT Foundation ("Plaintiffs") served on August 20, 2021, more than four months after the close of fact discovery in this case.

Fact discovery in this case occurred for six months, spanning from October 2020 to April 2021. At the beginning of the discovery period, on October 13, 2020, Defendants served its First Set of Requests for Production of Documents. Relevant here, Defendants' Requests for Production Nos. 3, 5, 6, and 21 asked for:

- Request No. 3: All documents and communications concerning Plaintiffs' knowledge or awareness of Defendants' ORT Marks, or any other ORT Marks.
- Request No. 5: All documents and communications concerning any contracts or agreements concerning the '494 Registration, including but not limited to any transfer or assignment of the '494 Registration.
- Request No. 6: All documents and communications showing the goods and services offered under the '494 Registration, including the year(s) that such goods and services were offered.
- Request No. 21: All documents other than those previously identified in response to the foregoing Requests upon which Plaintiffs may rely in connection with this litigation.

BLANKROME

August 31, 2021
Page 2

Plaintiffs made initial productions of documents in response to Defendants' First Set of Requests for Production, but Defendants remained concerned that Plaintiffs were not fully forthcoming in their discovery responses, were hiding the ball when choosing what documentation to produce, and generally were not abiding by their discovery obligations. Therefore, over the course of the discovery period, Defendants served no less than five deficiency letters on Plaintiffs, repeatedly asking for relevant documentation. Despite making multiple requests for such documentation, Plaintiffs continuously failed to produce additional documents and represented in many instances that no further documentation could be found. **The deadline for all fact discovery subsequently closed on April 15, 2021.** Pursuant to the Court's endorsed order dated July 16, 2021 (Dkt. 56), Plaintiffs were permitted to take the deposition of Debbie Bernick on August 11, 2021, but this Order did not otherwise affect the fact discovery deadline. *See* Dkt. 56 ("The discovery close date set by Your Honor's Discovery Scheduling Order was April 15, 2021….We are not requesting the adjournment of any dates scheduled in this action.").

Then, on August 20, 2021, more than four months after the close of fact discovery, Plaintiffs produced additional documentation. That documentation was responsive to Defendants' Requests for Production Nos. 3, 5, 6, and 21 mentioned above. Plaintiffs had an obligation under Federal Rules of Civil Procedure 26(a) and 26(e) not only to produce responsive documentation, but also to supplement that production with anything it sought to use to support a motion or at trial **during the fact discovery period, not afterwards**. By failing to timely produce these documents, Plaintiffs prevented Defendants from confronting witnesses with these documents in depositions, or from seeking additional depositions based on the information that is contained therein.

Defendants objected to the late production of documents, and requested that Plaintiffs withdraw the production. A copy of Defendants' initial letter is attached as **Exhibit A**. The parties met and conferred via a telephonic conference held on Thursday, August 26, 2021 (from 11:00 a.m. to approximately 11:20 a.m.), but were unable to come to a resolution. The telephonic conference was attended by Gregg Adam Paradise and Kendall K. Gurule on behalf of Plaintiffs, and Timothy D. Pecsenye and Jillian M. Taylor on behalf of Defendants. During the conference, counsel for Plaintiffs maintained the position that the late production of documents was appropriate because the documents were either: (i) not responsive to any discovery requests; or (ii) in the possession of Defendants. Defendants explained that: (i) the documents were not in Defendants' possession, custody, or control; (ii) that Defendants conducted a thorough search for relevant documentation and did not find these documents; and (iii) that the documents were responsive to Defendants' discovery requests. Plaintiffs maintained their position, and Defendants expressed that the parties were at an impasse. Defendants also served a follow up letter identifying for Plaintiffs the discovery requests that called for the late-produced documents. A copy of Defendants' follow up letter is attached as **Exhibit B**.

**BLANKROME**

August 31, 2021
Page 3

Plaintiffs' late production of documents should be withdrawn. Plaintiffs violated Federal Rules of Civil Procedure 26(a) and 26(e) by failing to produce these documents during the discovery period. Making matters worse, Plaintiffs made clear during the telephonic conference that they intend to use the documents to support their contentions at summary judgment, yet this is precisely the sort of improper discovery conduct that courts seek to prevent. *See, e.g., Underpinning & Foundation Skanska, Inc. v. Travelers Casualty & Surety Co. of America*, 726 F. Supp. 2d 339, 349 (S.D.N.Y. 2010) (excluding documents not produced during discovery because "[d]iscovery is now closed…and Plaintiff did not have an opportunity to depose Mr. van Leeuwen about these documents."). Moreover, Defendants would be prejudiced by the introduction of these documents because they have been deprived of the opportunity to confront witnesses at depositions, or depose additional witnesses, based on the information in the late production. This is particularly concerning where, as here, dispositive motions for summary judgment are due in one month – September 30, 2021.

Accordingly, Defendants respectfully request that the Court hold a telephonic conference concerning Plaintiffs' discovery failures, permit Defendants to file a motion to strike Plaintiffs' late production of documents, or alternatively, permit Defendants to depose additional witness(es) as need be at Plaintiffs' expense. It should be noted that if the Court were to allow additional depositions, this may affect the current summary judgment schedule referenced above. We are available for a telephonic conference at the Court's convenience, if needed, and thank the Court for its consideration of this matter.

Respectfully yours,

*/s/ Timothy D. Pecsenye*
Timothy D. Pecsenye (*pro hac vice*)
Craig M. Flanders
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5204
pecsenye@blankrome.com
cflanders@blankrome.com

*Counsel for Defendants/Counter Claimants*

---

Defendants' letter-motion for a discovery conference (the "Letter-Motion" (ECF No. 57)) is GRANTED. A telephone conference is scheduled for **Tuesday, September 14, 2021 at 10:00 am** on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time. Per the Court's Individual Practices, any response to the Letter-Motion shall be filed by **September 3, 2021**.

The Clerk of Court is respectfully directed to close ECF No. 57.

SO ORDERED    8/31/2021

_____
SARAH L. CAVE
United States Magistrate Judge