USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___9/30/22___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x
ORT AMERICA, INC. and WOMEN'S          :
AMERICAN ORT FOUNDATION,               :
                                       :
                           **Plaintiffs,**   :          **20-CV-00790 (ALC)(SLC)**
                                       :
             -against-                 :          **OPINION AND ORDER**
                                       :
U.S. ORT OPERATIONS, INC. ET AL.,      :
                                       :
                           **Defendants.**   :
------------------------------------------------------------------- x
**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs ORT America, Inc. ("ORT America") and Women's American ORT Foundation

("WAOF") bring this trademark infringement and unfair competition action against Defendants

Bramson ORT College ("Bramson"), Los Angeles ORT Technical Institute ("LAOTI")

(collectively, "School Defendants"), and U.S. ORT Operations, Inc. ("U.S. ORT"). Plaintiffs

allege claims against Defendants for federal trademark infringement (Count I), federal unfair

competition and false designation of origin (Count II), and common law trademark infringement

and unfair competition (Count III), and seek a declaration that the license agreement between ORT

America and U.S. ORT was terminated as of December 31, 2017 (Count IV). Defendants now

move for partial summary judgment. For the reasons below, the Court DENIES Defendants'

motion.

**BACKGROUND[1]**

The Russian ORT Society was founded in the 1880s with the goal of providing support for

educational and vocational training programs to Russian Jews. Defs.' Rule 56.1 Statement ("Defs.'

---

[1] Unless stated otherwise, the facts are derived from the Parties' Local Civil Rule 56.1 Statements of Undisputed
Material Fact, declarations, and exhibits. Where the facts are subject to legitimate dispute, they are construed in favor
of the non-moving party. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 283 (2d Cir. 2005).

Stmt.") ¶¶ 7–8. Defendants state that the ORT acronym "represents a philosophy or concept that emphasizes vocational training and economic independence as a means to Jewish liberation and prosperity," which Plaintiffs dispute, instead asserting that the "ORT" mark has no particular meaning. Pls.' Rule 56.1 Statement ("Pls.' Stmt.") ¶ 12.

Plaintiff ORT America was formed in 2007 from a merger between the former entities American ORT and Women's American ORT. Defs.' Stmt. ¶ 17. Among other activities, ORT America conducts fundraising, soliciting donations for World ORT and educational programs in the United States. *Id*. ¶¶ 20–21. Plaintiff WAOF was established in 1961 as a charitable organization for Jewish women interested in fundraising around the ORT concept. Pls.' Stmt. ¶ 27. WAOF owns the ORT mark, which obtained federal registration on January 29, 2002. Defs.' Stmt. ¶¶ 31–33. The ORT mark was assigned from ORT America to WAOF on October 11, 2011. *Id*. at ¶ 34.

Defendant Bramson operated as a junior college in New York until 2017 when it closed. *Id*. ¶¶ 42–43. Originally founded in 1928, Bramson began using "ORT" in its name in 1942. *Id*. ¶¶ 35–36. LAOTI operated as a junior college in Los Angeles, California from 1985 until its closure in 2021. *Id*. ¶¶ 46, 51. It continuously used "ORT" in its name from its founding until closure. *Id*. ¶ 49. U.S ORT was formed in 1983 as a sub-committee of American OR with the purpose of managing ORT schools in the United States. *Id*. at ¶¶ 53–54. In 2006, U.S. ORT was separated from American ORT and incorporated as U.S. ORT Operations, Inc. *Id*. ¶ 55.

Before ORT America came into existence in 2007, ORT America's predecessors, Women's American ORT and American ORT, distributed donations and funds to the School Defendants. *Id*. ¶ 59. When Plaintiff ORT was created, it continued to distribute donations and funds to Defendants. *Id*. ¶ 62. Defendants assert, though Plaintiffs dispute, that ORT America

ceased to do so and specifically "refused to distribute to LAOTI millions of dollars' worth of real property specifically gifted to LAOTI in the irrevocable trust of Ms. Charlotte L. Lipson."[2] *Id.* ¶ 65.

On May 14, 2007, ORT America and U.S. ORT entered into a license agreement, which gave U.S. ORT the rights to use the ORT Mark. *Id.* ¶¶ 69–73, 75. Bramson and LAOTI are not signatories to the license agreement. *Id.* ¶¶ 82, 85. Plaintiffs, however, allege that "it was a condition precedent to ORT America would execute sublicenses with the schools, including Bramson and LAOTI, containing parallel terms to the License Agreement." Pls.' Stmt. ¶ 70.

On October 5, 2017, ORT America provided notice to U.S. ORT that it would not renew the license agreement, and the license would thus terminate on December 31, 2017. *Id.* ¶ 69. Defendants continued to use the ORT Mark past December 31, 2017. *Id.* ¶ 163. ORT America sent U.S. ORT a cease-and-desist letter on June 19, 2018. *Id.* ¶ 164. From 2018 to 2019, the parties engaged in discussions to establish a new licensing agreement. *Id.* ¶ 165. Plaintiffs filed this suit on January 29, 2020.

## STANDARD OF REVIEW

Summary judgment is appropriate only where all submissions, pleadings, affidavits, and discovery materials that are before the Court, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ P. 56(c)); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442

---

[2] Defendants' brief references a litigation in the Superior Court of the State of California regarding a dispute about these funds. ECF No. 62 at 6.

F.Supp.3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson*, 477 U.S. at 248). "The moving party bears the initial burden of showing that there [is] no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (internal quotation marks and citations omitted). Courts must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citations omitted). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Still, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

### DISCUSSION

Defendants' motion for partial summary judgment argues that (1) Plaintiffs cannot obtain a declaration that the School Defendants breached the license agreement because the School Defendants are not signatories to the agreement, (2) the School Defendants are entitled to the defense of laches with respect to the trademark infringement and unfair competition claims, and (3) Plaintiffs' trademark infringement and unfair competition claims should be dismissed as to all defendants because there is no likelihood of confusion.

### I.    Breach of License Agreement Claim (Count IV)

In their opposition, Plaintiffs withdraw Count IV solely as to the School Defendants because the schools did not sign the license agreement. ECF No. 69 at 11–12. This resolves Defendants' first argument.

### II.    Trademark Infringement and Unfair Competition Claims (Counts I-III) – School Defendants

To succeed on a defense of laches, Defendants must establish: "(1) that plaintiff had knowledge of defendant's use of its marks, (2) that plaintiff inexcusably delayed in taking action with respect thereto, and (3) that defendant will be prejudiced by permitting plaintiff inequitably to assert its rights at this time." *Vaad L'Hofotaz Sichos, Inc. v. Kehot Publ'n Soc'y, a division of Merkos L'lnyonei Chinuch, Inc.*, 697 F. App'x 63, 64 (2d Cir. 2017) (internal quotation marks and citations omitted). The parties do not dispute that New York's six-year statute of limitations applies here. Therefore, "if defendants can establish that plaintiff delayed bringing suit six or more years after the plaintiff knew or reasonably should have known of the alleged infringing activity, a presumption of laches applies, meaning that the burden of providing evidence to defeat laches shifts to the plaintiff, although the ultimate burden of persuasion remains with the defendant." *BJB Ltd. v. iStar Jewelry LLC*, 533 F. Supp. 3d 83, 95 (E.D.N.Y. 2021) (internal quotation marks and citations omitted).

Defendants contend that they are entitled to the equitable defense of laches because the School Defendants have used the ORT acronym for much longer than six years—each school has used the ORT acronym in their names for decades with Plaintiffs' knowledge. The Court denies summary judgment as to this argument as there are material facts in dispute as to when the School Defendants' infringing conduct began. Namely, Plaintiffs claim that the School Defendants were intended to be sublicensees of the license agreement and Plaintiffs believed them to be such. Pls.' Stmt. ¶¶ 157–58. Thus, according to Plaintiffs, the relevant date for the statute of limitations is 2018, when the School Defendants continued to use the ORT mark once the license agreement terminated.

While Defendants cast doubt on the strength of Plaintiffs' evidence for this claim, the Court may not assess the weight of the evidence at this stage. "It is well established that [c]redibility

assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment. If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Curry v. City of Syracuse*, 316 F.3d 324, 333 (2d Cir. 2003) (internal quotation marks and citation omitted).

Thus, the Court denies summary judgment as the Court finds that the record presents evidence—three letters referencing the School Defendants as sublicensees and the declaration of WAOF's treasurer—regarding disputed issues of fact.

## III.   Trademark Infringement and Unfair Competition Claims (Counts I-III) – All Defendants

Defendants argue that there is no likelihood of confusion and therefore summary judgment should be granted as to Counts I, II, and III. While "[q]uestions regarding the likelihood of confusion are normally factual in nature[,] . . . summary judgment is appropriate if the court is satisfied that the products or marks are so dissimilar that no question of fact is presented." *Universal City Studios, Inc. v. Nintendo Co., Ltd*., 746 F.2d 112, 116 (2d Cir. 1984).

This Circuit applies the eight-factor *Polaroid* test to determine whether there is a likelihood of confusion:

> (1) the strength of the plaintiff's trade dress, (2) the similarity between the two trade dress [sic], (3) the proximity of the products in the marketplace, (4) the likelihood that the prior owner will bridge the gap between the products, (5) evidence of actual confusion, (6) the defendant's bad faith, (7) the quality of defendant's product, and (8) the sophistication of the relevant consumer group.

*Fun–Damental Too, Ltd. v. Gemmy Indus. Corp*., 111 F.3d 993, 1002–03 (2d Cir. 1997) (citing *Polaroid Corp. v. Polarad Elecs. Corp*., 287 F.2d 492, 495 (2d Cir. 1961)).

The Court finds that issues of fact preclude summary judgment for the defendants on the issue of likelihood of confusion. Where "[f]actual issues so permeate the inquiry," as is the case here, "[t]here is no need for the Court to list out and discuss every *Polaroid* factor." *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 82 (S.D.N.Y. 2009). For example, there are factual disputes regarding whether Plaintiffs control the ORT mark or whether third parties use the ORT mark, which bears on the first factor. With respect to the second factor, a trier of fact could reasonably determine that, despite the differences in colors and fonts of the various ORT logos, the acronym "ORT" is dominant in each logo and thus there is similarity between the marks. Under the third and fourth factor, a genuine issue of material fact exists concerning whether Plaintiffs' role in financially supporting Jewish educational services vis-à-vis Defendants' role as educational institutions would lead to confusion.

Therefore, factual questions related to the *Polaroid* test preclude summary judgment.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for partial summary judgment. Count IV is withdrawn solely as to the School Defendants. The Parties shall file a joint pre-trial order no later than 30 days from the date this Order is issued. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 61.

**SO ORDERED.**

**Dated: September 30, 2022**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**